WILLIAM MERRIAM CRANE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57713. Promulgated December 19, 1932.

*Warren Wattles, Esq.*, for the respondent.

OPINION.

MURDOCK: Except as otherwise provided in section 202 of the Revenue Act of 1926, gain or loss under that act is the difference between the amount realized from a sale and the basis provided in subdivision (a) or (b) of section 204. Section 204 (b), which is applicable here, provides that the basis shall be the fair market value of the property as of March 1, 1913. This must be diminished by depreciation allowable up to the date of sale. Section 202 (b) (2). The parties have agreed upon March 1, 1913, value. There is no dispute about any figures nor is any argument made as to the effect of depreciation. The only question presented to the Board is whether or not, in computing gain or loss on the sale of the real estate, any adjustment should be made representing the cost or value of improvements made by the lessee. ·

No portion of the value of the improvements placed upon the property by the lessee has ever been reported as income by the petitioner. The Commissioner contends that because of this fact no adjustment representing value or cost of the improvements should be made in computing gain or loss. The improvements were made in 1920. The petitioner states that under the regulations in force for the year 1920 he should have included in his income for that year the value of the improvements to him. But he argues that his failure to properly report his income for 1920 has no effect upon the sale in 1927. He says that the law entitles him to add the cost of the improvements to March 1, 1913, value. As authority for this statement he cites section 202 (b) (1) of the Revenue Act of 1926 and article 1561 of Regulations 69. Section 202 (b) (1) provides that " proper adjustment shall be made for any expenditure or item of loss properly chargeable to capital account." The language of the regulations relied upon by the petitioner is, " In computing the amount of gain or loss, however, the cost or other basis of the property must be increased by the cost of capital improvements and betterments made to the property since the basic date." This article should not be read alone. Article 48 of Regulations 69 is *pari materia*. Read together, the two show that the Commissioner intended to allow an adjustment only to the extent that the value of the improvements had been included in income. The petitioner contends that article 48 does not cover the question of how gain or loss shall be computed in a case such as his, because it does not purport to deal with a sale of property subject to a lease. We agree that the article does not precisely cover his case, but it certainly points the way if there is no other article more nearly in point. If he had reported a profit at some time based upon the added value given to his property by the improvements placed thereon by his lessee, he might well argue that article 48 would authorize an adjustment to the extent of the amount reported as income. But he reported no profit and he can find no comfort in the regulations now.

The petitioner has not called our attention to any regulation which fits his case. Therefore, he must go back to section 202 (b) (1). What expenditure was properly chargeable to capital account in his case? He made no actual expenditure. If he should argue that he acquired the building after February 28, 1913, so that the basis is cost, this basis is *nihil*, since the improvement cost him nothing. Furthermore, he is not in position to charge himself with any amount of increase in capital value as he might have been had he first taken some part of the increase into income. Prior to the sale he never recognized the receipt of any benefit from the expenditures made by his lessee. Until he has recognized the receipt of the asset, he can not set up capital value for it.

The petitioner never gets to the question of whether or not any provision of the law prevents the adjustment for which he contends. He first must show some provision of the revenue act entitling him to the adjustment. He argues that the Commissioner should have taxed him with a profit in 1920, but, since the bar of the statute of limitations prevents any additional assessment for 1920, the Commissioner can not avoid the effect of the statute and correct his mistake in 1927 by refusing to recognize a proper adjustment under the law. In many cases this reasoning would be quite forceful. It would be more forceful here if the petitioner could point to any specific provision of the revenue acts or regulations as authority for his position. But he has not done so. Under such circumstances he should not have an adjustment for which he never laid a proper foundation.

Reviewed by the Board.

*Decision will be entered under Rule 50.*